

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

GERALD C. MANN

XXXXXXXXXXXXXX
PRICE DANIEL
ATTORNEY GENERAL

Honorable Joe G. Fender
County Attorney
Fisher County
Roby, Texas

Dear Sir:

Opinion No. 0-1624
Re: Is a railroad maintaining lines
in Fisher County subject to a
county-wide road tax levy made
subsequent to the election of
1929, on its intangible assets
and rolling stock?

We are in receipt of your letter of October 22, 1939, in which you request an opinion of this Department on the facts and questions as set out in your letter as follows:

"In 1929 an election was held in Fisher County, Texas, by which the bonds of all the separate road districts of the county were assumed by the county and new bonds issued designated 'Fisher County Road Bonds.' Effort is made by the tax collector of Fisher County to collect tax from the railroads in Fisher County on their intangible assets and rolling stock by virtue of a county wide road tax levy made subsequent to this election.

"Question: Is a railroad maintaining lines in Fisher County subject to a county wide road tax levy made subsequent to the election of 1929, on its intangible assets and rolling stock."

According to your letter, County Road Bonds were issued by Fisher County subsequent to an election in 1929, under the authority of Article 752a of Vernon's Annotated Civil Statutes which reads as follows:

"Any county, or any political subdivision of a county, or any road district that has been or may hereafter be created by any general or special law, is hereby authorized to issue bonds for the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof, in any amount not to exceed one-fourth of the assessed valuation of the real property of such county or political subdivision or road district, and to levy and collect ad valorem taxes to pay the interest on such bonds and provide a sinking fund for the redemption thereof. Such bonds shall be issued in the manner hereinafter provided, and as contemplated and authorized by Section 52, of Article 3, of the Constitution of this State. The term 'political subdivision' as used in this Act, shall be construed to mean any commissioners precinct or any justice precinct of a county, now or hereafter to be created and established."

Subsequent to the issuance of said bonds the Commissioners' Court of said county levied taxes as authorized by Article 752k and Article 7521 of Vernon's Annotated Civil Statutes, which read as follows:

"Art. 752k. Ad valorem tax levy
Before such bonds shall be put on the market, the County Commissioners' Court of the county in which such election was held, shall levy an ad valorem tax sufficient to pay the interest on such bonds and to provide a sinking fund to pay the bonds at maturity.

"Art. 7521. County assessments
When such bonds are issued on the faith and credit of the county, the taxes herein authorized shall be assessed and collected in the same manner as now provided by law for the assessment and collection of other county taxes."

Your question is whether or not the intangible assets and rolling stock of a railroad maintaining lines in Fisher County is subject to the county-wide road tax levy authorized by the Commissioners' Court of Fisher County subsequent to the election in 1929, under the authority of the above quoted articles. You are advised that the intangible assets and rolling stock of a railroad are made subject to county taxes by Article 7105 of the Revised Civil Statutes, which reads as follows:

"Each incorporated railroad company, ferry company, bridge company, turnpike or toll company, oil pipe line company, and all common carrier pipe line companies of every character whatsoever, engaged in the transportation of oil, doing business wholly or in part within this State, whether incorporated under the laws of this State, or of any other State, territory, or foreign country, and every other individual, company, corporation or association doing business of the same character in this State, in addition to the ad valorem taxes on tangible properties which are or may be imposed upon them respectively, by law, shall pay an annual tax to the State, beginning with the first day of January of each year, on their intangible assets and property, and local taxes thereon to the counties in which its business is carried on; which additional tax shall be assessed and levied upon such intangible assets and property in the manner provided in this chapter. The county or counties in which such taxes are to be paid, and the manner of apportionment of the same shall be determined in accordance with the provisions of this chapter."

The exact question which you ask confronted the Court of Civil Appeals at Austin in the case of Bell County vs. Hines, 219 S.W. 556. The bonds issued by Bell County were called "Bell County Special Road Bonds." According to your letter, your bonds were designated as "Fisher County Road Bonds." The court in this case quoted what was then Article 7414, Revised Statutes, which is now Article 7105 of the Revised Civil Statutes of 1925, supra. The court held that under this provision the rolling stock and intangible assets of a railroad company were subject to assessment and payment of taxes, which had been levied for the payment of County Road Bonds. While this case was decided under the old statutes, which were amended in 1926, there is no difference between the old statutes and Article 752a, supra, as enacted in 1926, which would lead to a different result in your case. To bear this out, we wish to call your attention to the holding of the Commission of Appeals of Texas in the case of State vs. Texas & Pacific Railway Co. 62 S.W. (2d) 81. In this case, the Commission of Appeals was concerned with Road Bonds issued by a number of counties which constituted one road district as authorized by Article 778a of Vernon's Annotated Civil Statutes. The authority to issue bonds under this statute is conferred in language which is very similar to the language used in Article 752a,

supra, as enacted in 1926, which would lead to a different result in your case. To bear this out, we wish to call your attention to the holding of the Commission of Appeals of Texas in the case of State vs. Texas & Pacific Railway Co., 62 S. W. (2d) 81. In this case, the Commission of Appeals was concerned with Road Bonds, issued by a number of counties which constituted one road district as authorized by Article 778a of Vernon's Annotated Civil Statutes. The authority to issue bonds of Vernon's Annotated Civil Statutes. The authority to issue bonds under this statute is conferred in language which is very similar to the language used in Article 752a, supra. The court here held that the intangible assets and rolling stock of railroads operating in the various counties were subject to the payment of the tax which had been levied pursuant to the issuance of the road bonds of said counties. In fact, we find that the Commission of Appeals is here extending the rule as set down by the Court of Civil Appeals in the Bell case.

It is the opinion of this Department, therefore, that the intangible assets and rolling stock of the railroad operating in Fisher County are subject to a county-wide road tax levy made pursuant to your election in 1929, and the issuance of the Fisher County Road Bonds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Sgd.) Billy Goldberg

Billy Goldberg
Assistant

BG:RS

APPROVED NOV 14 1939
(Sgd.) W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE

BY BWB
CHAIRMAN